FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Mar 05, 2021, 12:53 pm
Michelle Rynne, Clerk of Court

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICAH SMITH
Deputy Chief, Criminal Division

MARK A. INCIONG     CA BAR #163443
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:       mark.inciong@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PASTOR ABERO,<br><br>Defendant. | )  CR. NO.   21-00020 JMS<br>)<br>)  MEMORANDUM OF PLEA<br>)  AGREEMENT<br>)<br>)  DATE:     March 5, 2021<br>)  TIME:     11:00 a.m.<br>)  JUDGE:   Hon. Rom Trader<br>)<br>)<br>) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, PASTOR ABERO, and his attorney,

Melinda Yamaga, Esq., have agreed upon the following:

## THE CHARGES

1.      The defendant acknowledges that he has been charged in an

Information with violating Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(B)(viii).

2.      The defendant has read the charge against him contained in the

Information, and that charge has been fully explained to him by his attorney.

3.      The defendant fully understands the nature and elements of the crime

with which he has been charged.

## THE AGREEMENT

4.      The defendant agrees to waive indictment and enter a voluntary plea

of guilty to Information, which charges him with possession, with intent to

distribute, 50 grams or more of a mixture and substance containing a detectable

amount of methamphetamine, its salts, isomers, or salts of its isomers. The

defendant is aware that he has the right to have this felony asserted against him by

way of grand jury indictment.   The defendant hereby waives this right and

consents that this offense may be charged against him by way of the Information.

2

In return, the government agrees to stipulate to the facts set forth below in paragraph 8.

5.      The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.      The defendant enters this plea because he is in fact guilty of possessing, with intent to distribute, 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers as charged in Information, and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7.      The defendant understands that the penalties for the offense to which he is pleading guilty include:

        a.      A term of imprisonment of not less than 5 years and not more than 40 years and a fine of up to $5,000,000, plus a term of supervised release of not less than 4 years and up to life.

        b.      In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.   The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the

3

commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

        c.    **Forfeiture.**  Pursuant to 21 U.S.C. § 853, forfeiture of any (1) property constituting, or derived from, proceeds the person obtained, directly or indirectly, as the result of a violation of the provisions of 21 U.S.C. §§ 801 et seq. or 21 U.S.C. §§ 951 et seq.; and (2) property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

        d.    **Loss of Federal Benefits.**  At the discretion of the Court, the defendant may also be denied any or all federal benefits, as that term is defined in Title 21, United States Code, Section 862, (a) for up to five years if this is the defendant's first conviction of a federal or state offense amounting to the distribution of controlled substances, or (b) for up to ten years if this is the defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is the defendant's third or more conviction of a federal or state offense amounting to the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in Title 21, United States Code, Section 862(d).

4

## FACTUAL STIPULATIONS

8.     The defendant admits the following facts and agrees that they are not

a detailed recitation, but merely an outline of what happened in relation to the

charge to which the defendant is pleading guilty:

a.     On or about September 4, 2019, in the area of 41-741

Kalanianaole Highway, Waimanalo, Hawaii, Pastor Abero ("ABERO"), the

defendant, possessed approximately 84.7 grams of a mixture and substance

containing a detectable amount of methamphetamine.

b.     ABERO possessed the methamphetamine in a fanny pack

located on his person and the drugs were packaged in three large clear plastic

baggies and six smaller clear plastic baggies.    Also recovered in the defendant's

possession were two cellular phones, a stun gun, $1,281 in U.S. currency and

various items of personal identification in the defendant's name, Pastor Abero.

c.     ABERO possessed the methamphetamine with the intent to

further distribute it to another person(s) and, at all relevant times, ABERO knew

that the substances he possessed on September 4, 2019 were, in fact,

methamphetamine.

d.     Forensic analysis by the Honolulu Police Department Crime

Lab determined that the substances seized from ABERO on September 4, 2019

were 84.7 grams of a mixture and substance containing a detectable amount of methamphetamine.

9.      Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.     Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.      The parties stipulate to the facts as set forth in paragraph 8 of this Agreement.

b.      Defendant shall be responsible for not less than 84.8 grams of methamphetamine – the total amount ABERO possessed, with intent to distribute, on September 4, 2019.   The results of laboratory analysis conducted on the substance(s) seized by law enforcement are as follows:

6

| HPD Ex.#: | Controlled Substance: | Net Wgt.: |
|-----------|----------------------|-----------|
| 2A | methamphetamine | 28.331 |
| 2B | methamphetamine | 28.228 |
| 2C | methamphetamine | 28.157 |

The foregoing chemical analysis was conducted by the Honolulu Police Department Laboratory.   Methamphetamine is a Schedule II controlled substance.

   c. As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.   *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

   d. The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant.   Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in

sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.    The parties represent that as of the date of this agreement there are no material facts in dispute.

### APPEAL/COLLATERAL REVIEW

13.    The defendant is aware that he has the right to appeal his conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and

8

any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.   The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

        a.     The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

        b.     If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

c.      The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14.     In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon him, the defendant agrees as follows:

a.      The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement.   To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office.   The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case.   The defendant understands that the USPO will in turn provide a copy of the completed financial

10

statement to the United States Attorney's Office.   The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.   The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

        b.     The defendant expressly authorizes the United States Attorney's Office to obtain his credit report.   The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing.   The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

        c.     Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly,

individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## FORFEITURE

15.     As part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, the defendant agrees as follows:

a.     The defendant agrees to forfeit to the United States all of his right, title, and interest in the following property (the "Specific Property"):

    i.   $1,281 in United States currency seized from the defendant's person on September 4, 2019 in Waimanalo, Hawaii;

    ii.  One (1) electric stun gun seized from the defendant's person on September 4, 2019 in Waimanalo, Hawaii.

b.     The defendant acknowledges that the Specific Property is subject to forfeiture pursuant to 21 U.S.C. § 853 as (1) property constituting, or derived from, proceeds the person obtained, directly or indirectly, as the result of a violation of the provisions of 21 U.S.C. §§ 801 et seq. or 21 U.S.C. §§ 951 et seq.; and (2) property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

c.     The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on

12

any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.   The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

       d.    The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property.   The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the preliminary order of forfeiture for the Specific Property becoming final as to the defendant when entered.

       e.    The defendant agrees to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal

13

or civil, state or federal, and to withdraw any claim that the defendant may have filed in such a proceeding. The defendant further waives any other notice requirement that may apply to the administrative and/or civil forfeiture of the Specific Property.

       f.     The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

## IMPOSITION OF SENTENCE

      16.    The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

      17.    The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an

14

agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

18.     The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.      If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b.      If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the

defendant is presumed innocent, and that it could not convict him unless, after

hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

      c.     If the trial is held by a judge without a jury, the judge would

find the facts and determine, after hearing all the evidence, whether or not he or

she was persuaded of the defendant's guilt beyond a reasonable doubt.

      d.     At a trial, whether by a jury or a judge, the prosecution would

be required to present its witnesses and other evidence against the defendant.   The

defendant would be able to confront those prosecution witnesses and his attorney

would be able to cross-examine them.   In turn, the defendant could present

witnesses and other evidence on his own behalf.   If the witnesses for the defendant

would not appear voluntarily, the defendant could require their attendance through

the subpoena power of the Court.

      e.     At a trial, the defendant would have a privilege against

self-incrimination so that he could decline to testify, and no inference of guilt

could be drawn from his refusal to testify.

      f.     At a trial, the defendant would have a right to have the jury

determine beyond a reasonable doubt the quantity and weight of the controlled

substance charged in the Information necessary to establish the statutory

mandatory minimum penalty or an increased statutory maximum penalty.

16

19.    The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.    The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

20.    If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial.    The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.    The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

17

21.     The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

22.     The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

23.     To become effective, this Agreement must be signed by all signatories listed below.

24.     Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

/ / /

/ / /

/ / /

18

DATED:   Honolulu, Hawaii, ___3|5|2021_____ .

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii


_____
MICAH SMITH
Deputy Chief, Criminal Division

_____
MELINDA YAMAGA
Attorney for Defendant


_____
MARK A. INCIONG
Assistant U.S. Attorney

_____
PASTOR ABERO
Defendant

19